IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Robert L. Moore Jr., | Civil Action No. |
| Plaintiff, | |
| – against– | **COMPLAINT** |
| Chase Bank (USA), National Association and Equifax Information Services, LLC, | |
| Defendant(s). | |

## COMPLAINT

Plaintiff, Robert L. Moore Jr. (hereinafter "Plaintiff"), by and through his attorneys, the Law Office of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, Chase Bank (USA), National Association ("Chase") and Equifax Information Services, LLC ("Equifax") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), the Texas Consumer Credit Reporting Act, Tex. Bus. & Com. Code 20.01, et seq. ("TCCRA") and other claims related to unlawful credit reporting practices. The FCRA and TCCCRA prohibit credit reporting agencies and furnishers of credit information from falsely and inaccurately reporting consumers' credit information.

## PARTIES

2. Plaintiff, Robert L. Moore Jr., is an adult citizen of the state of Texas, domiciled in Moody, TX.
3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA and Tex. Bus. & Com. Code 20.01(2) of the TCCRA.
4. Defendant Chase is a business entity organized and existing under the laws of Texas that furnishes consumer credit information to consumer reporting agencies.
5. Defendant Equifax is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

1

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.
7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are residents of the state of Texas. Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Texas, where Plaintiff resides.

## FACTUAL ALLEGATIONS

8. Defendant Chase issued an account ending in 4012 to Plaintiff. This account was routinely reported on Plaintiff's consumer credit report.
9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and Tex. Bus. & Com. Code 20.01(4) of the TCCRA.
10. On or about March 13, 2019, Plaintiff and Chase entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as Exhibit A.
11. Pursuant to the terms of the settlement, Plaintiff was required to make a lump sum payment totaling $1,385.00 to settle and close his Chase account.
12. Plaintiff, via his debt settlement representative, timely made the requisite settlement payment. A paid in full letter is attached hereto as Exhibit B.
13. However, nearly a year later, Plaintiff's Chase account continued to be negatively reported.
14. In particular, on a requested credit report dated February 17, 2020, Plaintiff's Chase account was reported with a status of "CHARGE OFF", a balance of $1,561.00 and a past due balance of $1,561.00. The relevant portion of Plaintiff's credit report is attached herein as Exhibit C.
15. The tradeline was inaccurately reported; as explained above, the account was settled and paid in full, and as such, must be reported as settled with a $0 balance.
16. On or about February 20, 2020, Plaintiff, via his attorney at the time, notified Equifax, directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Chase account. A redacted copy of this letter and the certified mail receipts are attached hereto as Exhibit D.

17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Chase to the Consumer Reporting Agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA and Tex. Bus. & Com. Code 20.06 of the TCCRA.
18. In April of 2020, Plaintiff requested updated credit reports for review. The tradeline for Plaintiff's Chase account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the April 2020 credit report is attached hereto as Exhibit E.
19. Upon information and belief, Equifax did not notify Chase of the dispute by Plaintiff in accordance with the FCRA and TCCRA.
20. Alternatively, if Equifax did notify Chase, Chase failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit report.
21. If Chase did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Chase account would be updated to reflect a settled status with a $0 balance.
22. Despite the fact that Chase has promised through its subscriber agreements or contracts to accurately update accounts, Chase has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow or adhere to this requirement as well as the requirements set forth under the FCRA and TCCRA, resulting in the intended consequences of this information remaining on Plaintiff's credit reports.
23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report concerning the account in question, thus violating the FCRA and TCCRA. These FCRA and TCCRA violations occurred before, during, and after the dispute process began.
24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.
25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **FIRST CAUSE OF ACTION**
(Fair Credit Reporting Act)

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.
27. Equifax is a "consumer reporting agency" as codified at 15 U.S.C. § 1681a(f).
28. Chase is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

3

29. Chase is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.
30. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.
31. Chase failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).
32. Chase failed to update Plaintiff's credit report and/or notify the credit bureau that the Chase account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).
33. Defendants failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).
34. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).
35. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).
36. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.
37. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

## SECOND CAUSE OF ACTION
(Texas Consumer Credit Reporting Act)

38. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.
39. Equifax failed to delete information found to be inaccurate, reinserted the information without following the TCCRA, or failed to properly investigate Plaintiff's disputes.
40. Equifax failed to promptly re-investigate and record the current status of the disputed information and failed to promptly notify the consumer of the result of its investigation, its decision on the status of the information, and her rights pursuant to this section in violation of TCCRA, Tex. Bus. & Com. Code 20.06 and 20.07 of the TCCRA.
41. As a result of the above violations, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher

       interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.
42. As a result of the above violations of the TCCRA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that a judgment be entered against Defendants as follows:
1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;
3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;
4. That judgment be entered against Equifax for actual damages pursuant to Tex. Bus. & Com. Code 20.09;
5. That judgment be entered against Equifax for statutory damages pursuant to Tex. Bus. & Com. Code 20.09;
6. That the Court award costs and reasonable attorney's fees pursuant to Tex. Bus. & Com. Code 20.08; and
7. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted, this the 11th day of May, 2020.

        **ROBERT L. MOORE, JR.**

        /s/ Thomas Bellinder
        Thomas Bellinder, Esquire (Bar No. 24098794)
        The Law Offices of Robert S. Gitmeid & Associates, PLLC
        11 Broadway, Suite 960
        New York, NY 10004
        (866) 707-4595
        *Counsel for Plaintiff*